UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
DEA C. ADAMS,

Plaintiff,

**MEMORANDUM AND ORDER**
13-CV-5401 (RRM)(JO)

- against -

KENNETH SHEEHAN, ANNARESE MARCANO, ROSICKI, ROSICKI & ASSOCIATES, P.C., BIJAL K. JANI, DEUTSCHE BANK NATIONAL TRUST COMPANY, JPMORGAN MORTGAGE ACQUISITION TRUST 2007-CH2, AND, J.P. MORGAN ACCEPTANCE CORPORATION 1,

Defendants.
---------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

On October 3, 2013, plaintiff Dea C. Adams ("Adams" or "Dea Adams"), proceeding *pro se*, commenced this action against Kenneth Sheehan, Annarese Marcano, Rosicki, Rosicki & Associates, P.C. ("Rosicki Rosicki"), Bijal K. Jani, Deutsche Bank National Trust Company, JPMorgan Mortgage Acquisition Trust 2007-CH2, and J.P. Morgan Acceptance Corporation 1 (collectively, "defendants"). (Compl. (Doc. No. 1).) Viewed liberally, Adams's complaint alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, related to property located in Freeport, New York. (*See* Compl. ¶¶ 2–4.)

On May 29, 2014, defendant Rosicki Rosicki, on behalf of itself and its employees Kenneth Sheehan, Annarese Marcano, and Bijal K. Jani, moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Doc. No. 18.) On June 2, 2014, Deutsche Bank National Trust Company, JPMorgan Mortgage Acquisition Trust 2007-CH2, and

J.P. Morgan Acceptance Corporation 1, separately moved to dismiss the complaint pursuant to Rule 12(b)(6). (Doc. No. 19).

For the reasons that follow, defendants' motions are GRANTED.

## BACKGROUND[1]

This lawsuit stems from a pending foreclosure action in New York Supreme Court in which defendants are seeking to dispossess Adams of real property located at 100 Bedford Avenue in Freeport, New York ("the Premises").[2] Specifically, on September 29, 2006, James C. Adams ("Mr. Adams"), a non-party to this federal action, obtained a mortgage loan for $214,500 from JPMorgan Chase Bank, N.A. ("JPMorgan"), to purchase the Premises. JPMorgan subsequently assigned the mortgage to defendant Deutsche Bank National Trust Company ("Deutsche Bank").

Mr. Adams failed to make the initial loan payment that became due on March 1, 2010, or to tender any subsequent payments. Shortly thereafter, ostensibly following the death of Mr. Adams, title to the Premises was transferred to plaintiff Dea C. Adams as trustee under the James C. Adams Irrevocable Trust, by deed dated May 19, 2010. However, the mortgage was not satisfied and Dea Adams did not assume the obligations under the note. On May 1, 2013,

---

[1] For the purposes of Rule 12(b)(6) review, the Court takes all factual allegations in Adams's complaint as true and draws all reasonable inferences in her favor. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). At this stage, the Court's review is generally limited to facts stated on the face of the complaint, facts found in documents incorporated by reference in the complaint or integral to the claims alleged, and matters of which the Court may take judicial notice. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). However, given the paucity of factual allegations in Adams's complaint, the Court also considers some information set forth in documents contained in defendants' moving papers to provide relevant background information.

[2] This is not the Court's first encounter with Adams as a *pro se* litigant. On January 13, 2012, Adams filed a *pro se* complaint in state court against, among others, Rosicki Rosicki, seeking quiet title to a residence in Queens. On February 13, 2012, the defendants in that prior case removed the action to this Court. Following briefing on the propriety of removal, the Court remanded the matter back to state court. (*See* No. 12-CV-699, Doc. No. 10.)

Deutsche Bank[3] commenced a foreclosure action in Nassau County Supreme Court. Because the Premises was conveyed to Adams as trustee, she is the named defendant in that foreclosure action. (*See* Defs' Mem. in Supp. of Mot. to Dism. (Doc. Nos. 18-1, 19-1) at 1–2.)

Adams, *pro se*, filed a motion to dismiss the foreclosure action alleging lack of standing, lack of privity, fraud, false pretenses, and fraudulent concealment. On December 16, 2013, Supreme Court Justice Thomas A. Adams denied that motion, ruling that the "plaintiff ha[d] established standing to maintain the action," and that there was "no evidence of fraud on the part of [the] plaintiff or its successors." (*See* Mem. of Law in Supp. of Deutsche Bank's Mot. to Dism. (Doc. No. 19-1) at 2–3.)

Two months earlier, on October 3, 2013, Dea Adams had commenced the instant lawsuit in the Eastern District of New York. In her complaint, Adams alleges violations of the FDCPA by Rosicki Rosicki and three of its employees who are involved in the foreclosure action ("the Rosicki defendants"), and by Deutsche Bank. In particular, Adams alleges that, in December 2011, the Rosicki defendants violated § 1692g of the FDCPA by engaging in "unlawful collection activity" without according her due process. (*See* Compl. ¶ 2.)[4] Adams further alleges that they violated § 1692f by "threatening to interfere with her business interests where no right to possession of the property existed as collateral through an enforceable security interest." (*Id.* ¶ 4.)[5] Additionally, she claims that each defendant violated §1692e by making "false and

---

[3] Defendant Rosicki Rosicki represented Deutsche Bank in the underlying foreclosure action. The law firm of Eckert Seamans represents Deutsche Bank in the instant lawsuit.

[4] 15 U.S.C. § 1692g enumerates a debt collector's notice requirements that are owed to a consumer in connection with the collection of any debt.

[5] 15 U.S.C. § 1692f states that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," and sets forth a non-exhaustive list of improper collection methods.

misleading representations" in connection with the collection of a debt. (*Id.* ¶ 3.)[6] Defendants' motions to dismiss followed.

## DISCUSSION

### I. Standard on Motion to Dismiss

In order to withstand a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not contain '"detailed factual allegations,'" but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* As relevant here, a motion to dismiss on statute of limitations grounds is construed by the Court as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *See Jowers v. Lakeside Family & Children's Servs.*, 435 F. Supp. 2d 280, 282 (S.D.N.Y. 2006) (internal quotations omitted); *accord Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989).

"Although a *pro se* plaintiff must satisfy pleading requirements, the Court is 'obligated to construe a *pro se* complaint liberally.'" *Malachi v. Postgraduate Ctr. For Mental Health*, No. 10-CV-3527 (RRM) (LB), 2013 WL 782614, at *1 (E.D.N.Y. Mar. 1, 2013) (quoting *Harris v. Mills*, 572 F.3d 66, 71–72 (2d. Cir. 2009)). In other words, the Court holds *pro se* pleadings to a less exacting standard than complaints drafted by attorneys, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (citation omitted), and reads such pleadings to "raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal citations omitted). Nevertheless, the Court "need not argue a

---

[6] 15 U.S.C. § 1692e provides that "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," and enumerates a non-exhaustive list of violative conduct.

*pro se* litigant's case nor create a case for the *pro se* which does not exist," *Molina v. New York*, 956 F. Supp. 257, 259 (E.D.N.Y. 1995), and "[w]hen a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, the Court must dismiss the claim." *Malachi*, 2013 WL 782614, at *1 (citing *Rodriquez v. Weprin*, 116 F. 3d 62, 65 (2d Cir. 1997)).

## II. Defendants' Motions to Dismiss

### A. Failure to State a Claim

The thrust of defendants' motions to dismiss is that Adams's complaint lacks sufficient facts to allege plausible violations of the FDCPA. The Court agrees.

As described above, Adams's first cause of action claims that the Rosicki defendants violated § 1692g of the FDCPA by engaging in collection activity without providing her "due process rights." However, Adams does not include an explanation as to how defendants failed in this regard, much less provide any facts suggesting as much. Adams's second cause of action alleges that all defendants violated § 1692e by "making false and misleading representations" in connection with the collection of the debt. Here, too, examples of such representations or other facts demonstrating this claim are entirely lacking. In her third cause of action, Adams alleges a violation of § 1692f by the Rosicki defendants for threatening to interfere with her business interests "where no bona fide and present right to possession of the property existed as collateral through an enforceable security interest." Once again, Adams fails to include any relevant information that would give life to this claim.

Adams's *pro se* pleading contains nothing more than vague, conclusory accusations. She seems to have simply lifted statutory language from the FDCPA, failing to include any facts or examples that would create a plausible basis for relief under the law. Even a liberal reading of

Adams's complaint does not satisfy the relaxed pleading requirements for *pro se* litigants, and therefore the complaint must be dismissed.

**B. Statute of Limitations**

Adams filed her complaint on October 3, 2013, and alleges that the FDCPA violations transpired on or about December 19, 2011. However, pursuant to § 1692k(d), a person has only *one year* from the date of an FDCPA violation to make a claim for relief. By filing this complaint almost two years after the purported statutory violations, Adams has failed to bring her claims in a timely fashion. Therefore, even if the complaint did satisfy the pleading requirements, it would be – and is – time-barred.

Adams seeks to avoid the statute of limitations by invoking the doctrine of equitable tolling in her response to the defense motions, and suggesting that her FDCPA action did not accrue until June 2013. (Doc. No. 17 at 2.) Equitable tolling applies in extraordinary circumstances when a plaintiff shows that: (1) a defendant concealed the existence of the plaintiff's cause of action; (2) the plaintiff remained ignorant of that cause of action until some point within the limitations period; and (3) the plaintiff's continuing ignorance was not due to lack of diligence. *See Sykes v. Mel Harris and Assoc., LLC,* 757 F. Supp. 2d 413, 422 (S.D.N.Y. 2010) (citing *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1083 (2d Cir. 1988)). An FDCPA claim can be equitably tolled in appropriate circumstances. *See Somin v. Total Cmty. Mgmt. Corp.,* 494 F. Supp. 2d 153, 158 (E.D.N.Y. 2007).

Adams's invocation of equitable tolling lacks merit. First, Adams's complaint sets forth no such allegation – the argument is raised, for the first time, in response to the defense motions to dismiss. More importantly, Adams has not set forth any plausible factual basis for concluding that any of the named defendants engaged in fraud or concealment. The only such allegation,

made by Adams in her response, refers confusingly to "attorney affirmations and affidavits of robot-signers used in support of an application for summary judgment." But there does not appear to have been a motion for summary judgment in the foreclosure action, and, in any event, it is difficult to fathom how the filing of such a motion could conceivably trigger the accrual of a new FDCPA claim. In short, there is no reasonable ground for concluding that equitable tolling has any application at all in this case.

**C. Leave to Re-Plead**

The Second Circuit has emphasized that because "[a] *pro se* complaint is to be read liberally," courts "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citations and quotations omitted). It is well-settled, though, that courts will not grant leave to amend when any amendment would necessarily be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). If Adams's FDCPA claims are time-barred, any amendment to her complaint would necessarily be futile. *See, e.g.*, *DeJesus v. BAC Home Loans Servicing, LP*, No. 13-CV-2864 (KAM), 2014 WL 4804999, at *6 (E.D.N.Y. Sept. 26, 2014) ("Because plaintiffs' FDCPA claims are untimely, their request for leave to amend is denied, as any amendment would be futile.").

After a thorough review of the materials provided by both parties – including voluminous exhibits pertaining to the underlying foreclosure action that defendants appended to their dismissal motions – the Court is unable to find any conceivable ground for Adams's allegation that an FDCPA claim accrued in June 2013, as she belatedly claims. Nor has Adams provided any plausible basis for concluding that an earlier FDCPA claim, assuming one existed, could have been tolled, bringing it within the statute of limitations. Under these circumstances, Adams

has already been given the opportunity to demonstrate timely claims, and she has failed to so do. As such, the Court finds that any amendment to her claims would be futile, and declines to grant Adams leave to amend.

**CONCLUSION**

For the reasons set forth above, defendants' motions to dismiss (Doc. Nos. 18–19) are GRANTED. The Clerk of Court is directed to enter judgment accordingly, mail a copy of this Memorandum and Order and the accompanying judgment to the *pro se* plaintiff, and close the case.

SO ORDERED.

Roslynn R. Mauskopf

Dated: Brooklyn, New York
January 5, 2015

ROSLYNN R. MAUSKOPF
United States District Judge